# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: )<br>    Angela McFarland, )<br>)<br>*Debtor*. )<br>) | Case No: 22-30912<br>Chapter: 13 |
| Angela McFarland, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>Hughes Network Systems, LLC, )<br>)<br>*Defendant*. ) | AP No: 22-_____ |

## COMPLAINT

**COMES NOW** the Plaintiff Angela McFarland (the "Plaintiff"), by and through the undersigned counsel, and presents this complaint for damages and injunctive relief against the Defendant Hughes Network Systems, LLC (the "Defendant"), and alleges as follows:

## INTRODUCTION

1. The Plaintiff initiates this *Complaint* because of the Defendant's intentional and willful violations of the automatic stay afforded by 11 U.S.C. § 362(a) and moves this Honorable Court for monetary damages for those violations against the Defendant.

2. Regarding such violations, the Defendant has, on several occasions post-petition, attempted to electronically debit the Plaintiff's bank account despite having notice of the underlying bankruptcy case.

1

3.      The Plaintiff, through the undersigned counsel, has endeavored to resolve the claims herein without litigation; however, those efforts have proven to be futile.

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), and the District Court's *Order of Reference* dated April 25, 1985, this Honorable Court has jurisdiction of the claims within this adversary proceeding. Furthermore, pursuant to 28 U.S.C. §§ 1391(b) and 1409, venue is proper before this Honorable Court.

5.      This adversary proceeding addresses core claims pursuant to 28 U.S.C. §§ 157(b) and 1409. To the extent this adversary proceeding addresses non-core claims, the Plaintiff consents to the entry of final orders by this Honorable Court.

## PARTIES

6.      The Plaintiff, Angela McFarland, is a natural person, resides within the geographical area encompassed by the jurisdiction of the United States Bankruptcy Court for the Middle District of Alabama, and is a debtor in the underlying bankruptcy case.

7.      The Defendant, Hughes Network Systems, LLC, is a Foreign Limited Liability Company, has a principal place of business at 11717 Exploration Lane, Germantown, Maryland 20876[1] and is a creditor in the underlying bankruptcy case.

## FACTUAL ALLEGATIONS

8.      On May 26, 2022, the Plaintiff filed a *Voluntary Petition* and accompanying schedules (collectively, with schedules, the "Petition") under Chapter 13, Title 11, of the United States

---

[1] The Defendant's registered agent's address is as follows: Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, Alabama 36104, which is the address used by the undersigned counsel for all prelitigation correspondence.

Code, with the same being filed in the United States Bankruptcy Court for the Middle District of Alabama and bearing bankruptcy case number 22-30912 (the "Bankruptcy Case").

9. On July 7, 2022, the Plaintiff filed an *Amended Schedule E/F* and therein identified the Defendant as the holder of an unsecured claim in the amount of $340.00 related to a "Disconnect Fee."

10. According to the *Certificate of Service* for the aforesaid amendment, the Defendant was served with notice of said amendment.

11. Notwithstanding the aforesaid notice, the Defendant continued with its efforts to collect money related to a prepetition debt from the Plaintiff.

12. On the following dates and after the filing and service of the aforesaid amended schedules, the Defendant attempted to electronically debit funds from the Plaintiff's bank account in payment of a prepetition debt:

   a. July 8, 2022
   b. July 9, 2022
   c. July 10, 2022
   d. July 15, 2022
   e. July 16, 2022
   f. July 17, 2022
   g. July 19, 2022
   h. July 21, 2022
   i. July 23, 2022
   j. July 24, 2022
   k. July 29, 2022

      l. July 30, 2022

13. The Defendant's Message Center provided a message to the Plaintiff which states that the card was declined due to insufficient funds related to a transaction in the amount of $340.00.

14. At or near 8:00 a.m. on July 19, 2022, the Defendant called the Plaintiff and advised that it was attempting to collect a debt related to case number 147245552. The Plaintiff advised of the Bankruptcy Case, the date number, and all case related information.

15. On or around August 5, 2022, the Defendant mailed a statement to the Plaintiff in an attempt to collect the sum of $328.50 on the subject prepetition account.

16. In an effort to resolve this matter without litigation, the Plaintiff, through the undersigned counsel, mailed correspondence to the Defendant on the following dates: August 17, 2022; September 1, 2022; and September 14, 2022; as of the filing of this Complaint, however, the Defendant has failed and/or refused to reach out to the undersigned counsel.

17. As a result of the undersigned counsel's engagement and prelitigation efforts, the Defendant has ceased further collection efforts, as presently known to the Plaintiff, however, the Defendant has failed and/or refused to reach out in accordance with the correspondence.

18. The Defendant's violations of the automatic stay are and were intentional and willful in that the Defendant committed such acts after notice of the Bankruptcy Case; because of the Defendant's intentional and willful violations of the automatic stay, the Plaintiff has been forced to retain counsel in this matter.

19. Further, because of the Defendant's failure and refusal to reach out in response to the prelitigation correspondence, the Plaintiff reasonably believes that the intervention of this Honorable Court is necessary to redress these violations.

20. The Defendant's conduct, in its entirety, rises to the level of willfulness and has interfered with the purposes of the Bankruptcy Code.

21. As a direct and proximate result of the Defendant's conduct, the Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, fear, frustration and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT I
## WILLFUL VIOLATIONS OF 11 U.S.C. §§ 362(a)

22. The Plaintiff incorporates herein by reference each of the foregoing paragraphs.

23. The Defendant violated 11 U.S.C. §§ 362(a) as more so identified herein above.[2]

24. The Defendant's acts or omissions to act, as described herein above, which the Defendant undertook with knowledge of the Bankruptcy Case, constitute intentional and willful violations of the automatic stay.

25. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that she has suffered anger, anxiety, distress, fear, frustration and loss of sleep, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## PRAYER FOR RELIEF

---

[2] **(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>    …
>    **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>    …
>    **(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
>    …

*See* 11 U.S.C. § 362(a).

**WHEREFORE, the premises considered**, Plaintiff respectfully moves this Honorable Court for an Order, *inter alia*:

a. declaring that the Defendant has willfully violated the aforementioned automatic stay provision(s) of 11 U.S.C. § 362(a);

b. awarding to the Plaintiff and against the Defendant actual, compensatory and punitive damages for the Defendant's violations of the aforesaid automatic stay provisions of 11 U.S.C. § 362(a), pursuant to 11 U.S.C. § 362(k);

c. awarding to the Plaintiff and against the Defendant the fees, costs and expenses of this litigation, pursuant to 11 U.S.C. § 362(k); and

d. awarding such other and further relief as this Honorable Court deems just and appropriate, including the equitable relief requested herein.

**RESPECTFULLY SUBMITTED** this the September 20, 2022.

/s/ Anthony B. Bush
Anthony B. Bush (ASB-7306-A54B)
Special Counsel for Plaintiff

**OF COUNSEL TO BROCK & STOUT, LLC:**
Anthony B. Bush
Special Counsel
Parliament Place Professional Center
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone: (334) 263-7733
Facsimile: (334) 832-4390
E-mail: anthonybbush@yahoo.com
abush@bushlegalfirm.com

SERVICE ADDRESSES:

Hughes Network Systems, LLC
c/o Corporation Service Company, LLC
641 South Lawrence Street
Montgomery, Alabama 36104

Hughes Network Systems, LLC
c/o Pradman P. Kaul, President
11717 Exploration Lane
Germantown, Maryland 20876